UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH MYERS,

                Plaintiff,

v.                                         Case No. 23-cv-79-pp

BRIAN FOSTER, JOSHUA M. ADDERTON,
DAVID A. DINGMAN, CODY S. GOULD,
JESSE S. JONES and EVAN C. WHYTE,

                Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Keith Myers, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 24, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $3.65. Dkt. No. 5. The court received that fee on February 22, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff sued Brian Foster (the Warden at Waupun), Joshua Adderton, David Dingman, Cody Gould, Jesse Jones and Evan White. Dkt. No. 1 at 1. He alleges that on June 14, 2019, Lieutenant Nelson and Officer John Doe (not defendants) escorted him to the restrictive housing unit to be placed on temporary lock up. Id. at 2. The plaintiff states that once he arrived in the restrictive housing unit, he was placed in a holding cell at which time he "became emotionally distraught and had a mental break from reality to the point where [he] began to display a chorus of self-harm." Id. He says that he felt something being sprayed in his eyes, his eyes started burning and he could not open them. Id. at 2-3. The plaintiff alleges that someone told him to stand up, come to the door and put his hands through the trap to be cuffed. Id. at 3. He allegedly found his way to the trap opening of the holding cell door with his

3

eyes closed and placed his hands outside the trap. Id. The plaintiff states that he felt his arms and wrists grabbed and pulled "very aggressively" through the trap opening, he was cuffed and the door to the holding cell was opened. Id. He says that he felt himself being grabbed and pulled "very aggressively" out of the holding cell by several people. Id.

Once out of the cell, the plaintiff alleges that he was pressed up against a wall and held up by both arms while someone told him that leg restraints would be placed on him. Id. at 4. He says that once the leg restraints were placed, someone told him that officers would conduct a staff-assisted strip search. Id. The plaintiff states that he replied that a staff-assisted search would not be necessary because he would comply with a "regular strip search," but the officer responded, "we are beyond that point!" Id. The plaintiff alleges that an officer told him that he would be taking off his socks and shoes and the plaintiff then felt his socks and shoes removed. Id. Next, the officer allegedly told the plaintiff he was going to remove his pants and the plaintiff felt his pants being removed. Id. The plaintiff states that the officer then told him that he would be removing his shirt and the plaintiff felt his shirt being taken off. Id. The plaintiff says the officer told him that he would be removing his underwear and he felt his underwear being removed. Id. at 5. The officer allegedly told the plaintiff that he would be checking his scrotum and the plaintiff felt his scrotum being touched and moved from side to side "without [his] consent." Id. The plaintiff states that the officer told him that he would be checking his buttocks and he then felt his buttocks being touched, grabbed

4

and spread "without [his] consent." Id. The plaintiff alleges that after the search, he was given a gown and place in an observation cell. Id.

The plaintiff seeks punitive damages and compensatory damages and declaratory relief. Id. at 7.

C.  Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The plaintiff has sued six defendants, but he has not identified any of these defendants in his description of what happened, or explain specifically what any of them did. Perhaps this is because he had his eyes closed during the strip search, so he does not know which defendant did what. The court cannot tell if the six defendants were involved in the incident. (The court assumes that Warden Foster was not involved, given his status as a supervisor; if the court is correct in that assumption, the plaintiff has not stated a claim against him.)

To state a claim for violations of his constitutional rights, the plaintiff must tell the court what each defendant did that the plaintiff believes violated his rights. If the plaintiff knows that the individuals he named as defendants somehow participated in the incident, but he does not know what they did, he should say that. If the plaintiff does not know the names of any of the people

5

involved in the events he describes, he should include them in the case caption as a John Doe or Jane Doe defendant.

The plaintiff has not stated a plausible claim for relief against any defendant and the court will dismiss the complaint. The court will give the plaintiff an opportunity to file an amended complaint to address the deficiencies described above.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint (at the top of the first page). He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal

6

language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **July 28, 2023**. If the court receives an amended complaint by the end of the day on July 28, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint, or a request for more time to file one, by the end of the day on July 28, 2023, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.35** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Waupun Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**