# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH MYERS,**

            **Plaintiff,**

v.                                                                  Case No. 23-CV-079

**JOSHUA M. ADDERTON, *et. al.*,**

            **Defendants.**

## ORDER ON DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS

Plaintiff Keith Myers, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) On March 28, 2024, the defendants moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the grounds that Myers failed to file his lawsuit within the applicable statute of limitations period. (ECF No. 28.)

In his response materials, Myers did not dispute that he filed his suit after the statute of limitations period, even accounting for tolling while he exhausted his administrative remedies. (ECF No. 32 at 1.) However, he stated that his mental health prevented him from timely filing his suit. (*Id.*) Under Wis. Stat. § 893.16(1), there is an extension of the filing deadline where the plaintiff experiences mental health issues. Myers further asserted that if he could engage in discovery, he would be able to obtain his mental health records to demonstrate his incapacity. (*Id.* at 3.)

The defendants argued that because Myers did not produce evidence to show that he was incapable of timely filing his suit due to mental health issues, he cannot rely on the mental health exception. (ECF No. 33 at 2.)

In its October 17, 2024 order, the court gave the parties an opportunity to supplement their materials regarding the judgment on the pleadings to fully brief the issue of whether Myers' mental health impeded his ability to timely file his lawsuit. (ECF No. 34.) The court gave the parties 2 months of discovery on this issue and 30 days to respond to discovery requests, Once discovery closed, Myers had 30 days to supplement his response to the motion for judgment on the pleadings to include evidence of how his mental health prevented him from timely filing his suit. The defendants then 14 days to reply to Myers's supplemental response upon receipt. The court cautioned Myers that failure to timely provide this evidence or seek an extension of the deadlines will result in the court granting the defendants' motion for judgment on the pleadings on the grounds that Myers filed his suit outside of the applicable statute of limitations.

On December 23, 2024, Myers filed his supplemental response. In it, he clarifies that he did not need additional discovery because the defendants already obtained his medical records in January 2024, so they should have realized that the § 893.16(1) exception applies. However, it is not the defendants' burden to explain how Myers' mental health prevented him from timely filing his lawsuit, it is Myers' burden. In other words, as the court stated in its October 17, 2024, order, Myers needed to file a supplemental response telling the court in detail, including using

2

his medical records, why his mental health prevented him from timely filing his compliant. In his supplemental response, Myers states that the defendants "were incorrect to assert that the plaintiff had failed to show cause of mental illness." (ECF No. 36 at 3.) However, that bald assertion is not enough. Myers does not explain specifically what happened around June 14, 2022, (the end of the limitations period) to prevent him from timely filing suit—such as evidence of not being of sound mind, or evidence that he was not able to communicate. Myers fails to do so. As such, the court grants the defendants' motion judgment on the pleadings because Myers's suit is barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that the defendants' motion for judgment on the pleadings (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from

judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 11th day of March, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge